UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND HOWARD | * | CIVIL ACTION |
| | * | No. |
| Plaintiff, | * | JUDGE: |
| | * | MAGISTRATE: |
| VS. | * | |
| | * | |
| OFFSHORE LIFTBOATS, LLC and | * | **JURY TRIAL** |
| K&K OFFSHORE, LLC, | * | |
| | * | |
| Defendants. | * | |

****************************************

**SEAMAN'S COMPLAINT**

Raymond P. Howard, a person of age, comes before this Court and respectfully represents as follows:

**I.**

Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1333.

This claim is maintained under the Jones Act and general maritime laws of the United States.

**II.**

Venue

Venue is proper in this District because Defendants do a substantial amount of their business in this District and defendants are principal place of business is in the district.

**III.**

Parties

(A) Plaintiff is an American seaman residing in the Parish of Jefferson, State of Louisiana.

(B) Defendant Offshore Liftboats, LLC is a domestic limited liability company, doing business along the Gulf Coast, with a primary business address of 16182 West Main, Cut Off, Louisiana 70345. Offshore Liftboats' registered agent for service of process is Michael A. Melancon, 116 West 107th Street, Cut Off, Louisiana 70345.

(C) Defendant K&K Offshore, LLC, owns and operates marine vessels and is a provider of logistical support for the oil and gas industry in the Gulf of Mexico as well as the inland market along the Gulf Coast. K&K's primary business address is 1200 Victor II Boulevard, Morgan City, Louisiana 70380. K&K's registered agent for service of process is Elton D. Navarro, 407 Renwick Boulevard, Berwick, Louisiana 70342.

**IV.**

Nature of the Action

This lawsuit is necessary as a result of multiple and separate personal injuries that Plaintiff received on or about May 16, 2013 on the waters outside of Sabine Pass, Texas. Plaintiff was in the service of a vessel as a captain and working in the scope of his employment when his employer, Offshore Liftboats, attempted to transfer Plaintiff from K&K's vessel, the M/V THE CONTENDER, to Offshore Liftboats' self-propelled, self-elevating, deck barge, the L/B JANIE. Plaintiff sustained serious and debilitating injuries to his entire body when Defendants' combined negligence caused Plaintiff to fall from a great height to the deck of the M/V THE CONTENDER during the crew transfer operation.

**V.**

As a result of the fall, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort, and distress. In all reasonably probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

**VI.**

It is the absolute and non-delegable responsibility of Defendants to maintain safe places to work, including but not limited to safe procedures, proper communications, and all necessary tools, equipment or appurtenances.

## COUNT I – NEGLIGENCE

**VII.**

While re-alleging and re-averring each and every allegations made herein above, petitioner alleges that Defendants are liable unto him for negligence under the Jones Act (46 U.S.C. §30104 et seq.) and/or General Maritime Law; said negligence caused petitioner's injuries.

**VIII.**

Defendants were negligent, negligent per se, and/or grossly negligent for the following non-exclusive reasons:

a. Failure to properly supervise their crew;

b. Failure to properly train their employees;

c. Failure to provide adequate safety equipment;

d. Failure to provide necessary equipment needed to carry out duties;

e. Failure to provide adequate medical treatment;

f. Operating vessels with inadequate or incompetent crews;

g. Failure to maintain the vessels in a safe and /or seaworthy condition;

h. Failure to supply reasonably safe egress;

i. Vicariously liable for their respective employees' negligence and negligence per se;

j. Violating applicable Coast Guard, OSHA, and/or BOEM and BSEE rules; and

k. Other acts or omissions constituting negligence and gross negligence which will be demonstrated at trial of this cause.

**IX.**

Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme

risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants underwent a dangerous procedure without proper or even adequate communication despite readily assessable unsafe conditions. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk, and consciously disregarded such rick by attempting to transfer personnel including Plaintiff under such dangerous conditions.

**COUNT II – UNSEAWORTHINESS**

**X.**

While re-alleging and re-averring each and every allegation made herein above, petitioner, additionally or in the alternative alleges that Defendant Offshore Liftboats is liable to Complainant for the unseaworthiness of the vessel and that said unseaworthiness caused petitioner's injuries.

**XI.**

At all times material hereto, Offshore Liftboats, as vessel owner of the L/B JANIE failed to meet its non-delegable duty to provide a safe place to work and/or safe and seaworthy vessel, equipment and appurtenances with which to perform the vessel's operations.

**XII.**

At all relevant times, the vessel L/B JANIE was unseaworthy and that said unseaworthiness was a/the cause of Complainant's injuries.

FOR A SEPARATE AND DISTINCT CAUSE OF ACTION:

**CAUSE III – MAINTENANCE AND CURE**

**XIII.**

While re-alleging and re-averring each and every allegation made herein above, petitioner, additionally or in the alternative alleges that Defendant Offshore Liftboats is liable to Complainant for wages, maintenance and cure and on-shore convalescent expenses and medical care until maximum medical recover is attained.

**XIV.**

Petitioner, performing work as a seaman while a member of the crew of the L/B JANIE in the employment of Offshore Liftboat sustained injuries complained of, so as to be entitled to maintenance and cure, both past and future, until such time as petitioner has reached maximum medical cure, and damages, penalties and attorney's fees for failure to properly and timely provide same as applicable.

**XV.**

Petitioner further avers that Offshore Liftboats failed to fulfill their obligation to provide petitioner with medical cure as necessary for the petitioner to reach maximum medical recovery, as a result of which Plaintiff claims punitive damages, attorney's fees and costs.

**XVI.**

Complainant desires a trial by **CIVIL JURY** on all demands and cause of action herein.

**WHEREFORE,** Plaintiff prays that this citation issue be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answers, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all cost of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

__________________________________

JOHN D. SILEO, T.A. (LA. BAR NO.: 17797)
KEVIN P. RICHÉ (LA. BAR NO.: 31939)
320 North Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
TELE: (504) 486-4343
FAX: (504) 297-1249
ATTORNEYS FOR PLAINTIFF

**PLEASE ISSUE SUMMONS TO:**

**OFFSHORE LIFTBOATS, LLC**
Through its Registered Agent
Michael A. Melancon
116 West 107th Street
Cut Off, Louisiana 70345

**K&K OFFSHORE, LLC**
Through its Registered Agent
Elton D. Navarro
407 Renwick Boulevard
Berwick, Louisiana 70342

and

**K&K OFFSHORE, LLC**
Through its Attorney
Jeff D. Peuler
3500 N. Causeway Blvd., Suite 820
Metairie, Louisiana 70002